UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S.K.,

                Plaintiff,

-against-                          24-CV-5390 (CS)

DANIEL F. MARTUSCELLO, III; DR.              **ORDER**
CAROL MOORES; EILEEN GONZALEZ-
RUSSELL; MELINDA SAMUALSON,

                Defendants.

CATHY SEIBEL, United States District Judge:

       In light of the Second Circuit's decision in *Diaz v. Kopp*, 146 F.4th 301 (2d Cir. 2025), Plaintiff seeks reconsideration of my previous rulings, (ECF Nos. 8, 25, 26, 28), that she must proceed under 42 U.S.C. § 1983 rather than 28 U.S.C. § 2241 or § 2254. (ECF No. 31.) Reconsideration is granted, *see Knopf v. Esposito*, 795 F. App'x 67, 67 (2d Cir. 2020) ("Rule 62.1 permits a district court that has been divested of jurisdiction by a pending appeal to issue an 'indicative ruling' informing the parties and our Court how it would rule on the merits of certain motions, including motions for reconsideration made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.") (summary order), but I adhere to my previous decisions.

       In *Diaz*, the petitioner sought release because, he claimed, it was impossible for the New York State Department of Corrections and Community Supervision ("DOCCS") to safeguard his health during the pandemic, in light of the "fundamental nature" of the prison system; that holding him therefore violated his Eighth Amendment right to be free from cruel and unusual punishment; and thus that he was entitled to be released because he was "'in custody in violation of the Constitution or laws . . . of the United States.'" 146 F.4th at 306 (quoting 28 U.S.C. § 2254(a)). The Second Circuit noted that "[c]laims that implicate the very fact of custody are

the core of habeas," *id.* at 303, and held that "a claim at the core of habeas does not *cease* being cognizable under habeas simply because the claim is based on unconstitutional conditions of confinement," *id.* at 307 (emphasis in original).  But it reiterated that "where a petitioner's own complaint makes clear that the unconstitutional conditions complained of 'can be prevented, the proper remedy again is not release, but a suit under 42 U.S.C. § 1983.'" *Id.* (quoting *Fielding v. LeFevre*, 548 F.2d 1102, 1109 (2d Cir. 1977)).  It found that "[b]y arguing that DOCCS is *incapable* of offering him constitutionally satisfactory confinement at any location in the system," Diaz raised a claim that, "if true, necessarily call[ed] into question the lawfulness of his continuing confinement." *Id.* (emphasis in original).  It "accordingly h[e]ld that, *at least* where a petitioner alleges unconstitutional conditions that are irremediable but for the release of the petitioner, such conditions of confinement claims are cognizable under habeas." *Id.* at 307-08 (same).

      Plaintiff's claim here is different.  She does not allege that it is impossible for DOCCS to provide her with the medical care she needs; she rather alleges that it has not done so.  (*See* ECF No. 1 at 6.)  As previously noted, Plaintiff "has not articulated any reason for seeking release from custody, rather than injunctive relief addressing her medical treatment . . . ." (ECF No. 6 at 5.)  Should she prevail on her Eighth Amendment claim, that violation can be remedied by an injunction and/or damages; release from custody is not the only available redress.

      Accordingly, I adhere to my decision that her claim must be presented by way of a claim under § 1983.

**SO ORDERED.**

Dated: September 2, 2025
       White Plains, New York

                                              _____
                                              CATHY SEIBEL, U.S.D.J.